# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-cv-743

Michael McKeown,

    Plaintiff,

v.

Microsoft Corporation,

    Defendant.

**NOTICE OF REMOVAL**

COMES NOW Defendant Microsoft Corporation ("Microsoft") and, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the General Court of Justice for Union County, North Carolina, Superior Court Division to the United States District Court for the Western District of North Carolina. As grounds for removal, Microsoft shows the following:

1. Plaintiff commenced this action against Microsoft by filing the Complaint (the "Complaint") in the Superior Court of Union County on October 6, 2023, where it is pending as Case No. 23-CVS-2691 (the "State Court Action"). (*See* **Exhibit A** – Copies of documents and pleadings on file with the Superior Court of Union County and served upon Microsoft).

2. The Complaint alleges that Microsoft discriminated against Plaintiff Michael McKeown ("Plaintiff") in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). (*See generally,* Compl.). Plaintiff alleges that he is owned back pay, front pay, and/or lost wages and benefits in the past and future. *Id*. Plaintiff also seeks compensatory damages, liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22, attorneys' fees in pursuant to N.C. Gen. State. 95-25.22, and any "such other and further relief as the Court deems just and proper." *Id*.

3. Plaintiff purported to serve Microsoft with the Summons and Complaint in Exhibit A on October 10, 2023. Microsoft's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as Microsoft is filing it within 30 days of "receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). The events asserted by Plaintiff regarding his employment and giving rise to his claims allegedly occurred in Union County, North Carolina, and Plaintiff allegedly admits that he resides in Union County. (*Compl.* ¶ 1). Plaintiff filed the Complaint in the Superior Court of Union County. Accordingly, venue lies in the United States District Court for the Western District of North Carolina's Charlotte Division as the District and Division encompassing Union County.

5. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Microsoft are attached hereto as Exhibit A.

6. In accordance with 28 U.S.C. § 1446(d), Microsoft will promptly give written notice of the filing of this Notice of Removal to Plaintiff, the only adverse party, and will also file a Notice of Filing of this Notice of Removal with the Superior Court of Union County, a copy of which is attached hereto **as Exhibit B**.

7. Plaintiff's allegations are denied, except for those facts necessary for removal of this action, as discussed herein

## BASIS FOR REMOVAL

**I. Removal is Proper Because This Court Has Federal Question Jurisdiction Over This Action Pursuant to 28 U.S.C. § 1331.**

8. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this action because Plaintiff alleges claims of discrimination in violation of the ADEA, which is a

federal cause of action over which this Court has original federal question jurisdiction. *See* 28 U.S.C. § 1331. Thus, this action may be removed based on original federal question jurisdiction pursuant to 28 U.S.C. § 1441(a).

**II.     Removal is Also Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

9.     Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

   **a.     There is Complete Diversity of Citizenship Among the Parties.**

10.     Plaintiff is a citizen of the State of North Carolina. (*Compl*. ¶ 1). "For purposes of establishing diversity jurisdiction, a natural person's citizenship is determined by domicile." *Hanks v. Coan*, No. 1:99CV00119, 1999 WL 1938851, at *1 (M.D.N.C. Aug. 17, 1999). A person's "domicile is an individual's place of residence." *Hollowell v. Hux*, 229 F.Supp. 50, 52 (E.D.N.C. 1964). Here, the Complaint admits that the Plaintiff is a resident of "Union County, North Carolina." (*Compl*. ¶ 1).

11.     "For purposes of determining whether the citizenship of the parties is diverse, a corporation is treated as a citizen of any state where it has been incorporated, as well as the state where it maintains its principal place of business, without regard for the citizenship of its shareholders." *Indus. Fuel Co., Inc. v. Invista S.A.R.L., LLC,* No. CIV. 5:06CV40-V, 2008 WL 619189 (W.D.N.C. Feb. 5, 2008), *report and recommendation adopted sub nom. Ward v. Invista S.A.R.L., LLC*, No. CIV. 5:06CV40-V, 2008 WL 585037 (W.D.N.C. Mar. 3, 2008).

12.     Microsoft is a Washington corporation, organized under the laws of the State of Washington, and was so organized as of October 6, 2023, the date the Complaint in this action was

filed. *See* Declaration of Erin Flaucher In Support of Defendant's Notice of Removal, attached hereto as **Exhibit C** ("Flaucher Decl."), at ¶ 3.

13. Microsoft's principal place of business is currently, and was as of October 6, 2023, located in Redmond, Washington. (Flaucher Decl., ¶ 3.) Microsoft's corporate headquarters are located at One Microsoft Way, Redmond, WA 98052, which is where its senior executives (including its officers, directors, corporate vice presidents, Executive Vice President Human Resources, and General Counsel) are based, where it exercises day-to-day control over its business, where all decisions relevant to Microsoft's business activities in the United States are made, directed, controlled, and/or coordinated, and where it performs the vast majority of its executive and administrative functions. (*Id.*) All resolutions of Microsoft's Board of Directors, including resolutions regarding critical corporate decisions, are signed and passed in Washington. (*Id.*) Accordingly, Microsoft is a citizen of Washington, and not a citizen of North Carolina.

14. As such, there is complete diversity between the Plaintiff and Microsoft in this case.

  **c.**   **The Amount in Controversy Requirement is Satisfied.**

15. A federal district court has jurisdiction over civil actions when there is diversity among the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981)). In North Carolina, however, a plaintiff must plead for judgment in excess of a certain dollar amount, "making it difficult to determine the exact amount in controversy" from the initial pleading. *Lamb v. Delgado*, W.D.N.C. No. 1:23-CV-00109-MR-WCM, 2023 WL 5539017, at *2 (W.D.N.C. Aug. 28, 2023).

16. When a plaintiff's complaint leaves the amount of damages unspecified, "[t]he key inquiry in determining whether the amount-in-controversy requirement is met is not whether the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Communications, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (cleaned up). Defendants seeking removal are required to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. *Klingspor Abrasives, Inc. v. Woolsey*, W.D.N.C. No. 5:08-CV-152, 2009 WL 367525, at *2 (W.D.N.C. Feb. 13, 2009).

17. Plaintiff alleges discrimination in violation of ADEA. Although Microsoft denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

18. Plaintiff seeks economic damages, which comprise back-pay (the money and fringe benefits the Plaintiff would have earned if the alleged discrimination had not happened) and front-pay (the money and fringe benefits representing the Plaintiff's alleged diminished earning power as a result of the discrimination). (Compl, Prayer for Relief ¶ a). Before Plaintiff's separation from employment on or about March 19, 2023, he earned an annual base salary of $ 181,100.00. (Flaucher Decl., ¶ 6). If Plaintiff were to recover back pay from the date of separation to present, he would recover at least $114,928.77 ($3,482.69 per week for 33 weeks), before interest. Moreover, if the case proceeds to a final disposition by October 10, 2024 – approximately one year from when Microsoft was served with the Complaint – and Plaintiff remains unemployed, the amount in controversy on lost wages would be a total of approximately $285,580.58 ($3,482.69 per week for 82 weeks).

19. There is no precise formula for determining whether or in what sum an award of front pay should be made *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991). Although the Fourth Circuit has not enumerated a list of factors to consider in deciding whether to award front pay, the Middle District of North Carolina and other courts have identified ten factors to determine whether front pay is appropriate: " '(1) the plaintiff's age; (2) the length of time the plaintiff was employed by the defendant employer; (3) the likelihood that plaintiff's employment would have continued absent the discrimination; (4) the length of time it will take the plaintiff, using reasonable effort, to secure comparable employment; (5) the plaintiff's work life expectancy; (6) the length of time other employees typically held the position lost; (7) the plaintiff's status as an at-will employee; (8) the plaintiff's ability to work, including the ability to work for the defendant employer; (9) the plaintiff's subjective intention to remain in the position; and (10) the plaintiff's efforts to mitigate the damages.'" *Duvall v. Novant Health Inc.*, W.D.N.C. No. 3:19-CV-00624-DSC, 2022 WL 3331263 (W.D.N.C. Aug. 11, 2022), *amended on reconsideration in part,* W.D.N.C. No. 3:19-CV-00624-DSC, 2022 WL 11271199 (W.D.N.C. Oct. 19, 2022) (citations omitted).

20. Similarly, there is no set period in which a plaintiff is entitled to receive front pay. Generally, parties agree that awarding front pay through the date plaintiff would have been eligible to retire is appropriate, and courts have approved these amounts even if that period spans longer than nine years. *See Tinsley v. City of Charlotte,* No. 3:16-cv-00656, 2019 WL 1874044, at *6 (W.D.N.C. Apr. 26, 2019) (citations omitted). Even conservatively estimating that Plaintiff seeks front pay benefits for only the two years after a final disposition, the amount of future wages in controversy in this case would total at least an additional $362,200.00 ($181,100.00 per year for two years). Thus, if this case is adjudicated on October 10, 2024, it may reasonably be

estimated that Plaintiff's claims of back pay and front pay would alone total an estimated $647,780.58. This is a conservative estimate, as it does not include alleged lost benefits, which adds to the jurisdictional amount. (*See* Flaucher Decl., ¶ 6).

21. Plaintiff also seeks liquidated damages. (Compl, Prayer for relief at ¶ c). Liquidated damages in an amount equivalent to a plaintiff's award for back pay and benefits are mandatory upon a jury finding of a willful violation of the ADEA. *Loveless v. John's Ford, Inc.*, 232 Fed. Appx. 229, 239 (4th Cir. 2007). The Court must take into account liquidated damages for the purpose of determining the amount in controversy where such damages are recoverable under state law. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 734-35 (4th Cir. 2009). Although Microsoft vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his liquidated damages claim, Plaintiff would recover $285,580.58.

22. In sum, although Microsoft contends that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000.00 jurisdictional threshold. Thus, this Court has original subject matter jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### III. Microsoft Has Satisfied the Procedural Requirements for Removal.

23. Plaintiff filed the Complaint in the Union County Superior Court of the State of North Carolina on October 6, 2023. Plaintiff purported to serve Microsoft with the Summons and Complaint on October 10, 2023. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

24. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Western District of North Carolina embraces Union County, North Carolina.

25. Additionally, Plaintiff and Microsoft are subject to personal jurisdiction in North Carolina. As set forth above, Plaintiff is a citizen of the State of North Carolina. Plaintiff's Complaint alleges Microsoft conducts business in the State of North Carolina.

WHEREFORE, based on the foregoing, Microsoft respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This the 8th day of November, 2023.

/s/ Benjamin P. Fryer
Benjamin P. Fryer, NC Bar No. 39254
bfryer@fordharrison.com
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1949

*Attorneys for Defendant Microsoft Corporation*